BUTLER et al. v. CARTER & RUSSELL PUB. CO.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1905.)

No. 1,426.

1. LIBEL—SUFFICIENCY OF DECLARATION—IDENTIFICATION OF PLAINTIFF WITH PERSON LIBELED.

A declaration in an action for libel by the publication of an article set out, and which related to a woman described therein as widely known as "Annie Oakley," and as having been a famous rifle shot who had given public exhibitions, etc., which, in addition to an allegation that the libel was published of and concerning plaintiff, further alleges that plaintiff had acquired great skill in shooting with a rifle, and had given public exhibitions, and was widely known by the name of "Annie Oakley," sufficiently shows on its face that the article related to plaintiff.

2. SAME.

It is not necessary that a declaration in libel should identify the plaintiff with every description in the libel, since such rule would enable one to publish libels with impunity by inserting misdescriptions in some respects not essential to a general understanding of the person meant.

In Error to the Circuit Court of the United States for the Southern District of Florida.

The declaration, after showing that the plaintiff, Mrs. Frank E. Butler, is a citizen and resident of the state of New Jersey, and that the defendant, the Carter & Russell Publishing Company, is a Florida corporation, is as follows:

"(1) That, before and at the time of the committing of the grievances hereinafter alleged, the plaintiff, Mrs. Frank E. Butler, was a professional rifle shot, and had acquired great skill in the art of shooting a rifle, at both stationary and moving objects, and was widely known under the name of 'Annie Oakley,' and under that name had acquired the reputation among many people of being the best and most accurate woman rifle shot in the world, and under the said name had given many exhibitions of her skill in the use of the rifle, for which she charged compensation, and from which exhibitions she derived a large income, and at the time of committing the grievances hereinafter mentioned her occupation consisted in giving exhibitions of her skill as such, and from which she derived a large income.

"(2) That on the 13th day of August, A. D. 1903, the defendant was the proprietor, printer, and publisher of a certain newspaper published in the city of Jacksonville, Duval county, Florida, called 'The Metropolis,' and that on the said day the following libel was falsely and maliciously published therein of and concerning the plaintiff, Mrs. Frank E. Butler, that is to say:

" 'Dope Caused Her Downfall. Annie Oakley [meaning the plaintiff, Mrs. Frank E. Butler] is now in jail. Famous daughter-in-law of Buffalo Bill. Her Appetite for Drugs Drove Her to Steal the Trousers of a Negro [meaning thereby that the plaintiff, Mrs. Frank E. Butler, had been guilty of the crime of larceny].'

" 'The Greatest Female Rifle Shot in the World [meaning the plaintiff, Mrs. Frank E. Butler] Comes to Grief in Chicago, the City where She [meaning the plaintiff, Mrs. Frank E. Butler] Excited the Admiration of Thousands a Few Years Ago.

" 'Chicago, Aug. 13.—A woman who declares she is a daughter-in-law of "Buffalo Bill," and the most famous rifle shot in the world, lies in a cell of the Harrison Street Station under a Bridewell sentence for stealing the trousers of a negro, in order to get money with which to buy cocaine. She cried while saying that for her spectacular markmanship, King Edward himself once led the applause in the courtyard of Buckingham Palace.

" 'When arrested on the complaint of Charles Curtis, a negro, she was living at 140 Sherman Street. She gave the name of Elizabeth Cody, but it occurred to no one to connect her with Col. Cody's famous daughter-in-law. However, when brought before Justice Caverly, she declared that she was the famous show woman.

" ' "I plead guilty, your honor, but I hope you will have pity on me," she begged. "An uncontrollable appetite for drugs has brought me here. I began the use of it years ago to steady me under the strain of the show life I was leading, and now it has lost me everything. Please give a chance to pull myself together."

" 'The striking appearance of the woman, whom the crowd at the World's Fair admired, is now entirely gone. Hers is one of the extreme cases which have come up in the Harrison Street Police Court. She is to be taken to the Bridewell to serve out a sentence of $45.00 and costs.

" ' "A good, long stay in the Bridewell will do you good," said the Court.

" 'Annie Oakley's husband, Sam Cody, died in England. Their son Vivien is now with Col. Cody at the latter's ranch, on the North Platte. Annie left "Buffalo Bill" two years ago, and has since been drifting around the country with stray shows.'

"And the plaintiff says she is damaged thereby to the amount of ten thousand ($10,000) dollars, for which she asks judgment."

The defendant appeared and demurred to the declaration, alleging that "it is bad in substance." The Circuit Court sustained the demurrer, and entered judgment for the defendant. The plaintiff brought the case here, and assigns as error the judgment of the Circuit Court sustaining the demurrer to the declaration.

J. N. Stripling (A. H. Larkin, on the brief), for plaintiff in error.
Alex. St. Clair-Abrams, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The Circuit Court having sustained the demurrer to the declaration, the sole question presented for our consideration is as to the correctness of that ruling. No question is raised as to the proper allegation of the act of publication, nor as to the statement of the matter alleged to be defamatory. And no question is raised as to the actionable quality of the language published, for it is clearly such as would subject the party charged to an indictment for a crime involving moral turpitude, or subject her to infamous punishment.

The chief objection made to the declaration is that it does not "show on its face that the defamatory words were published of and concerning the plaintiff, Mrs. Frank E. Butler." The libel complained of does not contain the name of the plaintiff, and it is therefore clear that, to show a right of action on account of the defamatory words, she must make such allegations as will show that she was meant—that the publication relates to her. By statute, in many jurisdictions, it is made sufficient to allege generally that the defamatory words were spoken or published of the plaintiff. Townshend on Slander & Libel, § 310; 13 Ency. Pldg. & Prac. 40. But in Florida there is no statute to this effect, and the declaration must be examined as at common law; and we assume that, in the absence of a statute, the averment found in the declaration that the libel was published "of and concerning the plaintiff" would not be sufficient. Townshend on Slander & Libel, § 316. Where the language published does not naturally and per se refer to the plaintiff, and requires extrinsic matter to show its relation to the plaintiff, the declaration must allege by way of inducement such extrinsic matter. Townshend on Slander & Libel, § 308. Has the plaintiff conformed to this rule?

She does not rest alone on the averment that the libel was "published of and concerning the plaintiff," but she seeks to remove all ambiguity as to its application by the following averment:

"That, before and at the committing of the grievances hereinafter alleged, the plaintiff was a professional rifle shot, and had acquired great skill in the art of shooting a rifle at both stationary and moving objects, and was widely known under the name of 'Annie Oakley,' and under that name had acquired the reputation among many people of being the best and most accurate woman rifle shot in the world, and under the said name had given exhibitions of her skill in the use of the rifle, for which she charged compensation, and from which exhibitions she derived a large income."

This averment is to be read in connection with the alleged libel copied in the declaration. Looking at that, we find that it relates to one widely known as "Annie Oakley," one who is a professional shot, one who had acquired great skill in shooting, and one who had given public exhibitions as an expert shot. The declaration shows, therefore, that the publication not only refers to the plaintiff by a name by which she was known, but that it refers to her vocation and skill, both of a

kind unusual with women. In substance, therefore, on this point, the declaration says that the plaintiff is known to the public as "Annie Oakley," and that she, the plaintiff, is the person who is defamed by that name; and, to make her identity clearer, she points out several events in her life that appear to be referred to in the publication, which would probably identify her as the party defamed, even if no name had been used. We are of the opinion that the declaration sufficiently alleges that the libel charged was published of the plaintiff.

But it is claimed that, as the publication asserted that the woman referred to was the daughter-in-law of Buffalo Bill, it is essential that the plaintiff allege that she occupied that relation. This contention is made, also, as to other matters of description in the libel. It is not necessary for a plaintiff to make averments to satisfy every description in a libel. To establish such a rule would enable one to libel with impunity, by adding to a description which everybody would understand one that did not appertain to the person slandered. Mix v. Woodward, 12 Conn. 262, 282.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.